UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KENNETH ROBERTS | CIVIL ACTION |
| VERSUS | NO. 14-1929 |
| INLAND SALVAGE, INC. | SECTION A (4) |

### ORDER AND REASONS

Before the Court is a **Motion for Partial Summary Judgment Regarding Unseaworthiness (Rec. Doc. 122)** filed by Defendants: Hiscox Dedicated Corporate Member Limited and Catlin Syndicate Limited Subscribing to Covernote NO4MM-34-1049-03, and Chubb Syndicate 1882 (hereinafter collectively referred to as "Defendants"). Defendants also filed a Supplemental Memorandum in Support of their Motion for Partial Summary Judgment Regarding Unseaworthiness. (Rec. Doc. 128). Plaintiff Kenneth Roberts ("Roberts") has filed a response to this motion. (Rec. Doc. 129). The motion, set for submission on March 7, 2018, is before the Court on the briefs without oral argument.[1] This matter is set as a jury trial beginning on May 14, 2018 at 8:30 a.m. Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that the Defendants' motion should be **GRANTED** for the reasons set forth below.

**I.    Background**

Defendants bring this motion contending that Roberts's unseaworthiness claim must be dismissed. (Rec. Doc. 122). In his Complaint, Roberts asserts claims for negligence under the

---

[1] Defendants have requested oral argument, but the Court is not persuaded oral argument would be helpful.

Jones Act (46 U.S.C. § 30104), as well as claims for unseaworthiness and maintenance and cure under general maritime law. (Rec. Doc. 1).

This matter arises from a maritime personal injury action. Roberts contends that on November 22, 2013, he experienced an accident resulting in serious injuries while employed by Inland Salvage, Inc. ("Inland Salvage"). (Rec. Doc. 1, p. 2, ¶ 5). On August 22, 2014, Roberts filed a Seaman's Complaint for Damages against Inland Salvage. (Rec. Doc. 1). However, Inland Salvage filed for Chapter 11 Bankruptcy prior to Roberts filing his Complaint. (Rec. Doc. 19-1, p. 1). Roberts was then precluded from maintaining an action against Inland Salvage due to the automatic stay on actions against Inland Salvage during bankruptcy proceedings.[2] (Rec. Doc. 13, pp. 1–2).

Thereafter, on June 10, 2016, Roberts filed a First Supplemental and Amended Complaint, directly naming the following entities as defendants: American Equity Underwriters, Inc.; Castlepoint National Insurance Company; and Underwriters at Lloyd's, London Chubb Syndicate 1882 ("Chubb"). (Rec. Doc. 21, pp. 1–2, ¶¶ 13–15). Roberts did so in accordance with Louisiana's Direct Action Statute (La. R.S. § 22:1269), which allows him to maintain this action directly against the insurer-defendants. *Id.* at pp. 1–2, ¶¶ 17–18. After discovering the true identity of Inland Salvage's insurers, Roberts again amended his Complaint to add Hiscox Dedicated Corporate Member Limited and Catlin Syndicate Limited Subscribing to Covernote NO4MM-34-1049-03 as direct defendants (hereinafter referred to as "Hiscox"). (Rec. Doc. 93). Defendants Hiscox and Chubb bring the instant motion seeking partial summary judgment dismissing the unseaworthiness claim.

---

[2] Roberts dismissed Inland Salvage from this suit on November 2, 2017, leaving only insurer-defendants. (Rec. Doc. 105).

## II. Legal Standard

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 249–50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255).

Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (1993)).

## III. Law and Analysis

A brief summary of Roberts' allegations is necessary before getting into the crux of Defendants' arguments. In his original Complaint, Roberts includes a claim for unseaworthiness against Inland Salvage based upon the general maritime law.[3] (Rec. Doc. 1, p. 4, ¶ XI). On November 22, 2013, Roberts allegedly experienced an accident which resulted in serious painful injuries to his back, shoulder, and other parts of his body while employed by Inland Salvage. *Id.*

---

[3] Roberts maintains this action, including the unseaworthiness claim, against Defendants through Louisiana's Direct Action Statute.

at p. 2, ¶ V. According to his deposition, Roberts was working on a salvage job upon the M/V Crown Charger when he fell down the interior steps of the vessel and suffered the alleged injuries. (Rec. Doc. 122-3, p. 11).

Defendants bring the instant motion seeking to dismiss Roberts's unseaworthiness claim on two grounds. First, Defendants argue that the vessel which Roberts was salvaging at the time of his alleged accident, the M/V Crown Charger, was neither owned nor operated by Roberts' employer, and therefore, Inland Salvage did not owe Roberts a warranty of seaworthiness. Second, Defendants argue that no warranty of seaworthiness is owed to Roberts because the M/V Crown Charger was not in navigation at the time of Roberts' alleged accident.

In support of their first argument, Defendants put on extensive evidence that proves the vessel on which Roberts was injured was neither owned nor operated by Inland Salvage—Roberts' employer. Records of the U.S. Coast Guard show that Crown Transportation, Inc., of Jackson, Tennessee owned the M/V Crown Charger. (Rec. Doc. 122-2). Moreover, Roberts admits, via deposition testimony, that the M/V Crown Charger was not owned by Inland Salvage. (Rec. Doc. 122-3, p. 11). Roberts' co-workers also provide deposition testimony supporting the contention that the M/V Crown Charger was neither owned nor operated by Inland Salvage. Gary Griffin, Director of Operations for Inland Salvage at the time of the incident, testified that Inland Salvage did not own the M/V Crown Charger. (Rec. Doc. 122-4, p. 18). Chris Ingram, employed by Inland Salvage at the time of the incident, also testified that Inland Salvage never owned or operated the M/V Crown Charger. Rather, Inland Salvage was hired only to salvage the vessel from its sinking at a dock in Bayou Teche in Patterson, Louisiana. (Rec. Doc. 128-1, p. 3).

In response to the instant motion, Roberts agrees that Inland Salvage and its insurers—Defendants—cannot be held liable for the unseaworthiness of the M/V Crown Charger. (Rec.

Doc. 129, p. 1). Roberts concedes that the M/V Crown Charger was not owned or operated by Inland Salvage and was not capable of navigation at the time of the accident at issue. *Id.* Accordingly, Roberts "does not have opposition to the specific issue addressed in Defendants' Motion for Partial Summary Judgment on the issue of Unseaworthiness." *Id.* (internal citation omitted).

According to the Fifth Circuit, a plaintiff can bring an unseaworthiness claim only against the owner of the vessel and the vessel itself. *Baker v. Raymond Intern., Inc.*, 656 F.2d 173, 181 (5th Cir. 1981) (citations omitted). In order to be held liable for breaching the duty of seaworthiness, the defendant "must be in the relationship of an owner or operator of a vessel." *Id.* (citing *Daniels v. Florida Power & Light Co.*, 317 F.2d 41, 43 (5th Cir. 1963), *cert denied*, 375 U.S. 832 (1963)). The Fifth Circuit echoed this rule in *Guidry v. Continental Oil Co.*, holding that an "[unseaworthiness] remedy traditionally is available only against the shipowner and the vessel." 640 F.2d 523, 530 (5th Cir. 1981) (citing *Stokes v. B. T. Oilfield Services, Inc.*, 617 F.2d 1205, 1207 (5th Cir. 1980)).

The Court agrees that an unseaworthiness claim cannot be maintained against Defendants. The evidence provided unquestionably shows that Defendants' insured, Inland Salvage, never owned or operated the M/V Crown Charger—the vessel on which the alleged injury took place. Rather, Inland Salvage was providing services to salvage the vessel. For these reasons, an unseaworthiness action cannot be maintained against Defendants.

**IV.     Conclusion**

Defendants have successfully argued that Plaintiff's unseaworthiness claim should be dismissed. Because the Court finds merit in Defendants' first argument seeking to dismiss Roberts' unseaworthiness claim, the Court finds it unnecessary to reach Defendants' second

argument—*i.e.*, that no warranty of seaworthiness is owed on a vessel not in navigation, and the M/V Crown Charger was not in navigation.

Accordingly;

IT IS ORDERED that Defendants' **Motion for Partial Summary Judgment Regarding Unseaworthiness (Rec. Doc. 122)** is **GRANTED**. Plaintiff's claim against Defendants Hiscox Dedicated Corporate Member Limited and Catlin Syndicate Limited Subscribing to Covernote NO4MM-34-1049-03 and Chubb Syndicate 1882 for unseaworthiness is **DISMISSED WITH PREJUDICE.**

April 2, 2018

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE